IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAN M. BECKNELL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-10-CV-155-XR |
| § | |
| LONG TERM DISABILITY PLAN FOR § | |
| JOHNSON & JOHNSON AND § | |
| AFFILIATED COMPANIES, and § | |
| REED GROUP, § | |
| § | |
| *Defendants*. § | |

## ORDER

On this date, the Court considered Plaintiff's response to the Court's June 24, 2010 Show Cause Order (Docket Entry No. 5).

### Summary of the Case

Plaintiff Alan Becknell filed suit against Defendants Long Term Disability Plan for Johnson & Johnson and Affiliated Companies and Reed Group for declaratory relief and to recover alleged benefits under a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

### Procedural History

Plaintiff commenced this action by filing suit on February 22, 2010.[1]  Plaintiff failed to obtain a summons.  On June 24, 2010, this Court issued an order for Plaintiff to show cause by July 8, 2010, for failure to obtain and serve a summons and a copy of the complaint upon Defendants or a waiver

---

[1] Compl., Feb. 22, 2010 (Docket Entry No. 1).

1

of service.[2]  After receiving the Show Cause Order, Plaintiff requested the issuance of a summons, but service has yet to be executed.[3]  Plaintiff responded to the Court's show cause order on July 7, 2010.[4]  The Court construes Plaintiff's response as a motion to extend time for service.

**Legal Standard**

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).  Courts must extend the time for service of process under Rule 4(m) if a plaintiff shows good cause for its failure to serve the defendant within the requisite period of time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("If good cause is present, the district court *must* extend time for service.").  However, absent a showing of good cause, the Court is within its discretion to either dismiss the action without prejudice or extend the time to serve for an appropriate period.  *Id.* ("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.").  An extension of time may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  FED. R. CIV. P. 4(m) advisory committee's note (1993).

---

[2] Show Cause Order, Jun. 24, 2010 (Docket Entry No. 2).

[3] Request for Issuance of Summons, Jun. 30, 2010 (Docket Entry No. 3).

[4] Resp. to Order to Show Cause, Jul. 7, 2010 (Docket Entry No. 5).

"To establish good cause, a plaintiff has the burden of demonstrating 'at least as much as would be required to show excusable neglect . . . .'" *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).[5] The Court focuses on the actions of the plaintiff that took place within the requisite period to serve the defendant. *See Winters*, 776 F.2d at 1305–06 ("It would appear to be generally irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days.").

## Analysis

In a brief response to the Court's order, Plaintiff states that he forwarded the complaint and a waiver of service to both defendants on February 24, 2010. On May 4, 2010, Plaintiff's counsel sent a follow up letter requesting a status of the waiver of service. The May 4, 2010, letter stated that Plaintiff's counsel would contact a process server to serve the complaint if he did not receive a response by May 11, 2010. On May 18, 2010, after the date Plaintiff warned that he would serve the complaint, Plaintiff's counsel received an e-mail message from Reed Group's counsel that advised that she had received the complaint, but that Johnson & Johnson may be defending the case. There is no indication in Plaintiff's response to the Court's show cause order that he followed-up on the e-mail or pursued this matter further. On June 29, 2010—after this Court issued its order to show

---

[5]Relevant factors used to determine "excusable neglect" include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

cause—Plaintiff's counsel sent a follow-up e-mail message to Reed Group's counsel requesting contact information for Johnson & Johnson's legal counsel so he could effectuate service. Plaintiff requested a summons the following day.

Plaintiff Becknell's actions fail to show good cause for his delay in effectuating service. Plaintiff filed this suit on February 22, 2010, and failed to follow-up on his correspondence with Defendants until nearly two and one-half months later. Becknell's lack of diligence is further demonstrated by his failure to request a summons in accordance with his own warning to Defendants that he would contact a process server to serve the complaint if they failed to respond to him by May 11, 2010. When one Defendant contacted Becknell after his May 11, 2010, deadline, Becknell then failed to follow-up to ensure that the complaint was served. It was not until 120 days had passed since the complaint was served, and this Court issued its show cause order, that Becknell demonstrated any diligence. Moreover, rather than request an extension of time to complete service, Becknell has merely recited the events showing a lack of diligence.[6] Consequently, Becknell has failed to show good cause for his failure to serve the Defendants.

It is therefore within the Court's discretion to extend the time for service. In light of the facts, the Court recognizes that the discretion is limited to dismiss this case without prejudice and to consider Plaintiff's claims to ensure that his case would not be barred by the statute of limitations. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008). Here, Plaintiff is pursuing a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) for benefits from a self-insured benefit plan

---

[6] In an abundance of caution, the Court is construing Plaintiff's response as a motion to extend the time for service and is evaluating it under the appropriate standards.

as defined by ERISA.[7]  Plaintiff's complaint states that his alleged disability onset date was October 16, 2007, and that on December 29, 2009, Defendants denied Plaintiff's benefits, and benefits were discontinued on June 11, 2009.[8]

"An ERISA cause of action accrues when a request for benefits is denied." *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992).  In this case, the Court looks to analogous state statutes of limitations given that Plaintiff's claim is pursuant to 29 U.S.C. § 1132.  *See id.* at 145; *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1200–01 (10th Cir. 1990) (considering analogous state law for claim pursuant to Section 1132).  Unless otherwise specified in the Plan, Plaintiff's claim regarding the interpretation of the contract could be governed by Texas's four-year statute of limitations.  *See Hogan*, 969 F.2d at 145; TEX. CIV. PRAC. & REM. CODE § 16.004.  The terms of the Plan, however, may establish a shorter limitations period.  *See Harris Methodist Fort Worth v. Sales Support Servs, Inc. Employee Health Care Plan*, 426 F.3d 330, 338 (5th Cir. 2005) ("Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs."). The Court notes that it does not have a copy of the Plan before it to determine if it establishes a shorter limitations period or whether that limitations period has expired.  Although Plaintiff's lack of diligence in effectuating service would otherwise lead to the Court to dismiss this case without prejudice, out of an abundance of caution, the Court will exercise its discretion to extend Becknell additional time for service in the event that his claim could be barred by a contract provision regarding limitations.

---

[7]Compl. ¶¶ 11–15.

[8]Compl. ¶¶ 7, 9, 14.

**Conclusion**

It is therefore ORDERED that the time for Plaintiff to complete service of process on Defendants is extended. Plaintiff shall serve Defendants no later than August 12, 2010. Plaintiff's failure to effectuate service on or before that date will result in dismissal for failure to comply with a court order, *see* FED. R. CIV. P. 41(b), as well as failure to serve the Defendants, *see* FED. R. CIV. P. 4(m).

It is so ORDERED.

SIGNED this 12th day of July, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE